UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS (JWJx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, et al. v. DON GAIL, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:** **(In Chambers): Peter Chan and PWL Chan Corp.'s Motion to Intervene as a Plaintiff for Consolidation in Another Forum for Mediation** (filed 04/01/08)

**I.    INTRODUCTION & BACKGROUND**

This action arises out of a dispute between plaintiff David Banks ("Banks") and defendants Don Gail ("Gail"), Don Gail Insurance ("Gail Insurance"), Real Estate Professionals Insurance Company ("REPICO"), Pacific Real Estate Association DE, Inc. ("PREA"), and Gregory Pyfrom ("Pyfrom").[1]  The gravamen of Banks' claim is that he was induced by defendants to purchase bogus policies of real estate agents and brokers professional liability insurance as a consequence of defendants' false representations that the insurance policies were duly issued by Landmark American Insurance Company ("Landmark") and Certain Underwriters at Lloyd's, London ("Underwriters"), when, in fact, neither Landmark nor Underwriters had authorized their issuance.  Further details concerning this action are set forth in the March 12, 2007 Order denying in part and granting in part Pyfrom's motion to dismiss the Complaint.  See Docket. No. 44.

Banks' action relates to the claims advanced in Certain Underwriters at Lloyd's, London v. Real Estate Professionals Insurance Co. et al., Case No. CV 06-4783 CAS (JWJx) ("the Underwriters Action"), also pending before this Court.  In that action, Underwriters allege that defendants made misrepresentations to Underwriters to induce them to issue insurance policies through REPICO, which in turn issued insurance policies

---

[1] In his second amended complaint, Banks adds Bristol Financial Group, Mark Dolan, and William Herring as named plaintiffs and alleges that they have suffered losses similar to those alleged with respect to Banks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS (JWJx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, et al. v. DON GAIL, et al. | | |

which had not been authorized by Underwriters. Details pertaining to the Underwriters Action are set forth in more detail in the January 8, 2007 Order granting in part and denying in part certain defendants' motions to dismiss. See Docket No. 90.

On April 1, 2008, movants Peter Chan and PWL Chan Corp. filed their instant motion to intervene. On April 21, 2008, plaintiffs filed their opposition to the motion to intervene. On April 22, 2008, Pyfrom filed his notice of non-opposition to the motion to intervene. On April 28, 2008, movants filed their reply. A hearing was held on the motion to intervene on May 5, 2008. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

On or about June 25, 2003, PWL Chan Corp. purchased a real estate business that does business as RE/MAX Realtors of San Francisco ("RE/MAX"). Banks was an independent contractor who worked in his capacity as a real estate professional with RE/MAX.

Sometime in 2007, movants Peter W. Chan and PWL Chan Corp. filed an action in the Sacramento County Superior Court against Banks, Brian Davis, Vivian N. Ho, and Hayes, Davis, Bonino, Ellington, McLay & Scott, LLP, entitled Peter W. Chan et al. v. Brian R. Davis, et al., Case No. CGC 07-469606 (Super. Court (Sacramento County) 2007) ("state court action"). The operative complaint filed in movants' state court action alleges claims for (1) malicious prosecution; (2) breach of fiduciary duty; (3) abuse of process; (4) negligence; and (5) breach of contract. Those claims are based on allegations that Banks failed to reimburse RE/MAX for errors and omissions insurance that RE/MAX procured on Bank's behalf, and that lawyers employed by Banks engaged in fraudulent, unethical, and deceptive litigation practices. Peter W. Chan and PWL Chan Corp. now move to intervene in this case and/or to consolidate their pending state court action case with this case, in order to pursue settlement negotiations.

Federal Rule of Civil Procedure 24(a)(2) provides in pertinent part that a nonparty is entitled to intervene as matter of right upon timely application if the nonparty

> claims an interest relating to the property or transaction that is the subject of
> the action, and is so situated that disposing of the action may as a practical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS (JWJx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, et al. v. DON GAIL, et al. | | |

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The present action involves allegations that defendants induced Banks to purchase bogus insurance policies by falsely representing that the insurance policies were duly issued. Movants claim that they, not Banks, paid for Banks' insurance policies. However, movants do not appear to seek to assert any claims against defendants in this case. In fact, all of movants' claims are against Banks for breach of his contract with them, or against Banks' lawyers, also for reasons wholly unrelated to the claims in this action. See generally, Tanji Decl., Ex. A (state court action complaint). Accordingly, movants are not entitled to intervene as a matter of right.

Nor are movants entitled to intervene pursuant to Fed. R. Civ. P. 24(b), which provides for permissive intervention where the nonparty demonstrates (1) an independent grounds for jurisdiction, (2) timeliness, and (3) where the nonparty's claims "share[] with the main action a common question of law or fact." Here, movants' state court action claims differ substantially from plaintiffs' claims. See e.g., Valentine v. Skaggs, 867 F.2d 527, 529-30 (9th Cir. 1989). Accordingly, the Court denies the motion for permissive intervention.

Finally, the Court cannot consolidate movants' state court action with the instant case because there is no basis for federal question or diversity jurisdiction, i.e., this Court does not have subject matter jurisdiction over the state court action claims. Accordingly, the Court denies movants' request to consolidate this action with their state court action without prejudice.

### III. CONCLUSION

In accordance with the foregoing, the Court DENIES Peter WP Chan and PWL Chan Corp.'s motion to intervene and/or to consolidate.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |