UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Margaret Babykin | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Vivian Vo | Paul Wright<br>Elizabeth Ellis | |

**Proceedings:** **DEFENDANT MELINDA GAIL'S MOTION TO DISMISS EACH CAUSE OF ACTION IN PLAINTIFF'S THIRD AMENDED COMPLAINT** (filed 9/9/2008)

## I. INTRODUCTION

This action arises out of a dispute between plaintiff David Banks ("Banks") and defendants Don Gail ("Gail"), Don Gail Insurance ("Gail Insurance"), Real Estate Professionals Insurance Company ("REPICO"), Pacific Real Estate Association DE, Inc. ("PREA"), and Gregory Pyfrom ("Pyfrom"). The gravamen of Banks' claim is that he was induced by defendants to purchase bogus policies of real estate agents and brokers professional liability insurance as a consequence of defendants' false representations that the insurance policies were duly issued by Landmark American Insurance Company ("Landmark") and Certain Underwriters at Lloyd's, London ("Underwriters"), when, in fact, neither Landmark nor Underwriters had authorized their issuance. Further details

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

concerning this action are set forth in the March 12, 2007 Order denying in part and granting in part Pyfrom's motion to dismiss the complaint. See Docket. No. 44.

Banks' action relates to the claims advanced in <u>Certain Underwriters at Lloyd's, London v. Real Estate Professionals Insurance Co. et al.</u>, Case No. CV 06-4783 CAS (JWJx) ("the <u>Underwriters</u> Action"). In that action, Underwriters alleged that defendants made misrepresentations to Underwriters to induce them to issue insurance policies through REPICO, which in turn issued insurance policies which had not been authorized by Underwriters. Details pertaining to the <u>Underwriters</u> Action are set forth in more detail in the January 8, 2007 Order granting in part and denying in part certain defendants' motions to dismiss. See Docket No. 90. On August 26, 2008, this Court granted default judgment for Underwriters against defendants REPICO and PREA.

## II.  PROCEDURAL BACKGROUND

On November 30, 2006, Banks sued Gail, Gail Insurance, REPICO, PREA, and Pyfrom, alleging nine claims for relief: (1) professional negligence; (2) negligent misrepresentation; (3) negligence; (4) negligent infliction of emotional distress; (5) intentional misrepresentation; (6) intentional infliction of emotional distress; (7) violation of the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(a); (8) violation of RICO, 18 U.S.C. § 1962(c); and (9) violation of RICO, 18 U.S.C. § 1962(d).

On February 2, 2007, Pyfrom moved to dismiss each claim of the complaint, or alternatively, for an order granting a stay until after the <u>Underwriters</u> Action was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

concluded. Defendant Gail suddenly and unexpectedly passed away on February 5, 2007. On March 12, 2007, the Court granted Pyfrom's motion to dismiss Banks' RICO claims, but granted Banks leave to amend and to file a RICO case statement. Additionally, the Court denied Pyfrom's motion to dismiss Banks' intentional and negligent misrepresentation, negligence, professional negligence, and negligent infliction of emotional distress claims. The Court granted Pyfrom's motion to dismiss Banks' intentional infliction of emotional distress claim. Finally, the Court denied Pyfrom's motion to dismiss or stay the federal action.

On April 12, 2007, in light of the fact that no answers had been filed, plaintiff filed the first amended complaint ("FAC") as a matter of right pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff added Melinda Gail, Donald Gail's surviving wife as a defendant. Plaintiff also converted the case to a class action.

On May 3, 2007, Pyfrom filed a motion to dismiss each claim in the FAC, or in the alternative, for summary judgment. On May 21, 2007, prior to filing his opposition to Pyfrom's motion to dismiss the FAC, Banks filed a motion for leave to file a second amended complaint ("SAC"). On July 9, 2007, the Court denied Pyfrom's motion to dismiss Banks' FAC and granted Banks' motion for leave to file the SAC. Banks filed the SAC on July 9, 2007. In the SAC, Banks adds Bristol Financial Group ("Bristol"), Mark Dolan ("Dolan"), and William Herring ("Herring") as named plaintiffs.

On August 9, 2007, defendant Melinda Gail filed a motion to dismiss the SAC. On September 10, 2007, the Court granted Melinda Gail's motion to dismiss the SAC against her in its entirety.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

On April 1, 2008, plaintiffs filed a motion for leave to file a third amended complaint (TAC). One June 25, 2008, the Court granted plaintiffs leave to file a TAC. Plaintiffs filed the TAC on June 25, 2008. In the TAC, plaintiffs add Steven Katz; Alette Prichett, individually and on behalf of Excalibur Funding Group/Hollister Realty; and Ellice Kaminsky dba Thousand Oaks Financial as named plaintiffs. Plaintiffs also substitute as defendant the Estate of Don Gail for Doe 1, alleging that the creation of the Estate of Don Gail would be approved by the Probate Court in Los Angeles in April 2008.

Subsequent to the filing of the TAC, plaintiffs reached a settlement agreement with Pyfrom. On August 13, 2008, pursuant to a stipulation of dismissal filed by plaintiffs and Pyfrom, the Court dismissed with prejudice the instant action against Pyfrom.

On September 9, 2008, defendant Melinda Gail filed the instant motion to dismiss plaintiffs' TAC. On October 6, 2008, plaintiff filed an opposition. A reply was filed on October 10, 2008. A hearing was held on October 20, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Plaintiffs' TAC names Melinda Gail as a defendant "individually, as an officer of REPICO and PREA, and as the executor of the Estate of Don Gail." TAC ¶ 1. Plaintiff also names as defendants "the testate and intestate successors of Donald Gail, deceased and all persons claiming by, through, or under such decedent." TAC ¶ 1. These same defendants were also previously named in plaintiffs' SAC. See September 10, 2007 Order Granting Melinda Gail's Mot. to Dismiss Pl's SAC ("September 10, 2007 order").

In the September 10, 2007 order, the Court found that dismissal of plaintiffs' SAC as to Melinda Gail was warranted, because plaintiffs failed to provide a legal basis for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

proceeding against Melinda Gail as an individual or as a representative. Specifically, plaintiffs failed to plead that Melinda Gail performed some act independent of her role as an officer of REPICO and PREA that would warrant holding her individually liable. Plaintiffs also failed to plead facts suggesting that Melinda Gail acted as a co-conspirator in the alleged insurance fraud scheme. Further, the Court found that plaintiffs' conclusory contention in the SAC suggesting that plaintiffs could hold Melinda Gail personally liable for Donald Gail's acts because she is or may be an intestate heir was unwarranted. Finally, the Court found that because there was no Estate of Don Gail, Melinda Gail could not be held liable in a representative capacity as an executor.

In the instant action, Melinda Gail alleges that plaintiffs' TAC sets forth no new claims against Melinda Gail and no new grounds for finding her liable that had not already been alleged in plaintiffs' SAC. Mot. at 4. Although plaintiffs have added the Estate of Don Gail as a defendant in their TAC, Melinda Gail argues that there is no estate of Don Gail, and therefore, she cannot be sued as executor of a non existent estate. Mot. at 4. In support of this claim, Melinda Gail offers the declaration of her attorney, Paul J. Wright, wherein her attorney states that he is not aware of the existence of the Estate of Don Gail. Paul J. Wright Decl. at 1. Because plaintiffs fail to raise any new allegations in their TAC, Melinda Gail argues, the Court should dismiss plaintiffs' TAC for the same reasons that the Court dismissed plaintiffs' SAC, as detailed herein and in the September 10, 2007 order. Mot. at 4.

In their opposition, plaintiffs argue that Melinda Gail's motion to dismiss is unnecessary, because plaintiffs did not serve the TAC on Melinda Gail in her individual capacity. Mot. at 2. Plaintiffs allege that the remaining defendants in the instant action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

are Don Gail, Don Gail Insurance, REPICO, PREA, and the Estate of Don Gail. Mot. at 2. Plaintiffs argue that they served defendants Don Gail, Don Gail Insurance, REPICO, PREA, and the Estate of Don Gail through Melinda Gail "because she is the only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

surviving member or officer of these defendants and is the only one with a connection to these defendants."[1]

However, although plaintiffs seem to indicate in their opposition that Melinda Gail is not among the remaining defendants in the instant action, and argue that they did not serve Melinda Gail with the TAC in her individual capacity, defendants fail to acknowledge that their TAC names Melinda Gail as a defendant in the instant action, "individually, as an officer of REPICO and PREA, and as the executor of the Estate of Don Gail." TAC ¶ 1. Furthermore, plaintiffs have failed to allege claims against Melinda Gail beyond those that were already alleged in plaintiffs' SAC and dismissed by this Court. Although plaintiffs added the Estate of Don Gail as a defendant in their TAC and alleged that the creation of the Estate would be approved by the Probate Court in Los Angeles in April 2008, they have not provided any additional evidence that such an estate exists. TAC ¶ 18. Melinda Gail and her attorney, Paul Wright, both allege that they are unaware of the existence of the Estate of Don Gail, and plaintiffs in their opposition do not allege that such an estate exists. See Mot. at 4; Paul J. Wright Decl. at 1. Therefore, absent some showing by plaintiffs that the Estate of Don Gail exists, there is no basis for finding that Melinda Gail could be held liable in a representative capacity as an executor.

/ / /

---

[1] Plaintiffs state that they have already entered defaults against defendants Don Gail and Don Gail Insurance, and are in the process of entering defaults against remaining defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS | Date | October 20, 2008 |
|---|---|---|---|
| Title | DAVID BANKS, an individual; BRISTOL FINANCIAL GROUP, a California Corporation; MARK DOLAN, an individual on behalf of themselves and all others similarly situated v. DON GAIL, DON GAIL INSURANCE, REAL ESTATE PROFESSIONALS INSURANCE COMPANY, PACIFIC REAL ESTATE ASSOCIATION DE, INC., GREGORY PYFROM, MELINDA GAIL individually, as an officer of REAL ESTATE PROFESSIONALS INSURANCE COMPANY and PACIFIC REAL ESTATE ASSOCIATION DE, INC., as the EXECUTOR OF THE ESTATE OF DONALD GAIL, and the TESTATE AND INTESTATE SUCCESSORS OF DONALD GAIL, DECEASED, and ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH DECEDENT, THE ESTATE OF DON GAIL, AND DOES 2-10 | | |

Because plaintiffs have failed to allege any new facts or claims against Melinda Gail that were not raised and dismissed in plaintiffs' SAC, the Court finds that plaintiffs' TAC must also be dismissed.

**V.    CONCLUSION**

Based on the foregoing, the Court GRANTS Melinda Gail's motion to dismiss plaintiffs' TAC against her in its entirety.

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |