UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | DAVID BANKS et al. v. DON GAIL et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Sandra Becerra | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Brian Davis | | Paul Wright |

**Proceedings:**   **Plaintiffs' Motion to Reopen Discovery to Take the Deposition of Melinda Gail** (filed 6/11/2009)

## I.   INTRODUCTION

This action arises out of a dispute between plaintiff David Banks ("Banks") and defendants Don Gail ("Gail"), Don Gail Insurance ("Gail Insurance"), Real Estate Professionals Insurance Company ("REPICO"), Pacific Real Estate Association DE, Inc. ("PREA"), and Gregory Pyfrom ("Pyfrom"). The gravamen of Banks' claim is that he was induced by defendants to purchase bogus policies of real estate agents and brokers professional liability insurance as a consequence of defendants' false representations that the insurance policies were duly issued by Landmark American Insurance Company ("Landmark") and Certain Underwriters at Lloyd's, London ("Underwriters"), when, in fact, neither Landmark nor Underwriters had authorized their issuance. Further details concerning this action are set forth in the March 12, 2007 Order denying in part and granting in part Pyfrom's motion to dismiss the complaint. See Docket. No. 44.

Banks' action relates to the claims advanced in Certain Underwriters at Lloyd's, London v. Real Estate Professionals Insurance Co. et al., Case No. CV 06-4783 CAS (JWJx) ("the Underwriters Action"). In that action, Underwriters alleged that defendants made misrepresentations to Underwriters to induce them to issue insurance policies through REPICO, which in turn issued insurance policies which had not been authorized by Underwriters. Details pertaining to the Underwriters Action are set forth in more detail in the January 8, 2007 Order granting in part and denying in part certain defendants' motions to dismiss. See Docket No. 90. On August 26, 2008, this Court granted default judgment for Underwriters against defendants REPICO and PREA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | DAVID BANKS et al. v. DON GAIL et al. | | |

## II.     PROCEDURAL BACKGROUND

On November 30, 2006, Banks sued Gail, Gail Insurance, REPICO, PREA, and Pyfrom, alleging nine claims for relief: (1) professional negligence; (2) negligent misrepresentation; (3) negligence; (4) negligent infliction of emotional distress; (5) intentional misrepresentation; (6) intentional infliction of emotional distress; (7) violation of the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(a); (8) violation of RICO, 18 U.S.C. § 1962(c); and (9) violation of RICO, 18 U.S.C. § 1962(d).

On February 2, 2007, Pyfrom moved to dismiss each claim of the complaint, or alternatively, for an order granting a stay until after the Underwriters Action was concluded.  Defendant Gail suddenly and unexpectedly passed away on February 5, 2007.  On March 12, 2007, the Court granted Pyfrom's motion to dismiss Banks' RICO claims, but granted Banks leave to amend and to file a RICO case statement.  Additionally, the Court denied Pyfrom's motion to dismiss Banks' intentional and negligent misrepresentation, negligence, professional negligence, and negligent infliction of emotional distress claims.  The Court granted Pyfrom's motion to dismiss Banks' intentional infliction of emotional distress claim.  Finally, the Court denied Pyfrom's motion to dismiss or stay the federal action.

On April 12, 2007, in light of the fact that no answers had been filed, plaintiff filed the first amended complaint ("FAC") as a matter of right pursuant to Federal Rule of Civil Procedure 15(a).  Plaintiff added Melinda Gail, Donald Gail's surviving wife as a defendant.  Plaintiff also converted the case to a class action.

On May 3, 2007, Pyfrom filed a motion to dismiss each claim in the FAC, or in the alternative, for summary judgment.  On May 21, 2007, prior to filing his opposition to Pyfrom's motion to dismiss the FAC, Banks filed a motion for leave to file a second amended complaint ("SAC").  On July 9, 2007, the Court denied Pyfrom's motion to dismiss Banks' FAC and granted Banks' motion for leave to file the SAC.  Banks filed the SAC on July 9, 2007.  In the SAC, Banks added Bristol Financial Group ("Bristol"), Mark Dolan ("Dolan"), and William Herring ("Herring") as named plaintiffs.

On August 9, 2007, defendant Melinda Gail filed a motion to dismiss the SAC.  On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | DAVID BANKS et al. v. DON GAIL et al. | | |

September 10, 2007, the Court granted Melinda Gail's motion to dismiss the SAC against her in its entirety, finding that plaintiffs had failed to allege that Melinda Gail performed an act independent of her role as officer of REPICO or PREA that would warrant holding her individually liable.

On December 10, 2007, the Court held a scheduling conference, and scheduled the discovery cut-off for August 15, 2008.

On April 1, 2008, plaintiffs filed a motion for leave to file a third amended complaint (TAC). One June 25, 2008, the Court granted plaintiffs leave to file a TAC. Plaintiffs filed the TAC on June 25, 2008. In the TAC, plaintiffs add Steven Katz; Alette Prichett, individually and on behalf of Excalibur Funding Group/Hollister Realty; and Ellice Kaminsky dba Thousand Oaks Financial as named plaintiffs. Plaintiffs also substitute as defendant the Estate of Don Gail for Doe 1, alleging that the creation of the Estate of Don Gail would be approved by the Probate Court in Los Angeles in April 2008.

Subsequent to the filing of the TAC, plaintiffs reached a settlement agreement with Pyfrom. On August 13, 2008, pursuant to a stipulation of dismissal filed by plaintiffs and Pyfrom, the Court dismissed with prejudice the instant action against Pyfrom.

On September 9, 2008, Melinda Gail filed a motion to dismiss plaintiffs' TAC. Plaintiffs opposed on the ground that they had not served Melinda Gail in her individual capacity, but were instead serving defendants Don Gail, Don Gail Insurance, REPICO, PREA, and the Estate of Don Gail through Melinda Gail, "because she is the only surviving member or officer of these defendants and is the only one with a connection to these defendants." October 20, 2008 Order at 8-9. However, the Court noted that defendants had named Melinda Gail as a defendant in the action. On October 20, 2008, the Court granted Melinda Gail's motion to dismiss plaintiff's TAC as against her.

On December 24, 2008, the clerk entered default against REPICO and PREA.

On May 1, 2009, plaintiffs filed a motion to compel Melinda Gail to comply with deposition subpoena. On May 28, 2009, Magistrate Judge Jeffrey Johnson denied plaintiff's motion, noting that the discovery cut-off was August 15, 2008, and therefore finding plaintiff's motion to compel to be untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | DAVID BANKS et al. v. DON GAIL et al. | | |

On June 11, 2009, plaintiffs filed a motion to reopen discovery to take the deposition of Melinda Gail. Melinda Gail filed an opposition on July 14, 2009. A reply was filed on July 20, 2009. A hearing was held on July 27, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.   DISCUSSION**

A scheduling order may be modified only for good cause. See Fed. R. Civ. P. 16(b)(4). In determining whether to reopen discovery, the Court considers such factors as "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." G.C. & K.B. Investments, Inc. v. Zenon Komarczyk, 2008 U.S. Dist. LEXIS 48520 (N.D. Cal. 2008); United States ex rel Schumer v. Hughes Aircraft, 63 F.3d 1512, 1526 (9th Cir. 1995).

Plaintiffs argue that between July 2008 and November 2008, plaintiffs were attempting to serve the TAC on REPICO and PREA through Melinda Gail, but that they had difficulty locating her because she had changed addresses. Plaintiffs argue that during this time they were unaware that discovery had closed on August 15, 2008. Plaintiffs state that on December 31, 2008, they served Melinda Gail with a deposition subpoena and request for production of documents, and that the deposition was scheduled for January 26, 2009. Plaintiffs state that due to last minute scheduling conflicts, plaintiffs re-scheduled Melinda Gail's deposition for April 16, 2009. However, Melinda Gail's attorney objected to the deposition.

Plaintiffs argue that an amendment to the scheduling order is appropriate because the "parties were still in the pleadings stage when the discovery cut-off date passed." Mot. at 5. Plaintiffs further argue that no trial is pending, and that instead, plaintiffs' application for default judgment is scheduled to be heard on September 14, 2009. In addition, plaintiffs argue that they have been diligent in obtaining discovery, but that the deposition subpoena was delayed because they had trouble locating Melinda Gail in order to serve the TAC on REPICO and PREA through her, in part because Melinda Gail

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7614 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | DAVID BANKS et al. v. DON GAIL et al. | | |

actively avoided service by refusing to answer the door. Reply at 3. Plaintiffs further argue that Melinda Gail failed to respond on behalf of REPICO and PREA, so that her deposition could not be noticed in her capacity as an officer.

In addition, plaintiffs argue that, but for the fact that the discovery deadline had passed, Magistrate Judge Johnson would have granted plaintiffs' motion to compel. Deposition of Vivian V. Countryman ¶ 3 (stating that Judge Johnson tentatively granted plaintiffs' motion to compel at the hearing, but after a short recess determined that discovery had closed, and therefore denied the motion as untimely).

Plaintiffs further argue that the deposition is necessary. Plaintiffs argue that they believe that funds at issue in this litigation were directed indirectly and directly to Melinda Gail and were used "to purchase a multi-million dollar life insurance policy and to pay for their million dollar residence", and that plaintiffs are entitled to depose Melinda Gail on her knowledge of the monies received. Mot. at 9. Furthermore, plaintiffs argue that Melinda Gail's testimony is relevant as director and president of REPICO. Countryman Decl. ¶ 4-5.

Plaintiffs also argue that the deposition testimony of Melinda Gail is relevant to determine whether she performed an independent act as an officer of REPICO and PREA that would allow her to be added as a defendant. Defendants argue that when the Court dismissed the SAC as to Melinda Gail, it did not do so with prejudice, and therefore argue that Melinda Gail may be re-added as a defendant depending on the results of discovery.

Melinda Gail, however, argues theat there is absolutely no basis for her being brought back into this action. Melinda Gail argues that there is no evidence that money was diverted to her, and that "[t]hese are old allegations that were set forth in the Second and Third Amended Complaints that were dismissed by this Court." Opp'n at 3. Melinda Gail further argues that plaintiffs had ample time to take her deposition before August 15, 2008, but that they failed to do so Opp'n at 3.

In response, plaintiffs argue that Melinda Gail has not disputed her role as director or officer of REPICO and PREA, and that, as the widow of Don Gail, she is the only person who has knowledge of the location of the funds at issue. Reply at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-7614 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | DAVID BANKS et al. v. DON GAIL et al. | | |

The Court concludes that plaintiffs have failed to demonstrate that good cause exists for reopening discovery in this action in order to permit plaintiffs to take the deposition of Melinda Gail. Given that Melinda Gail was originally added as a defendant in this action in April 2007, it is clear that plaintiffs were aware of Melinda Gail's existence well before the August 2008 discovery cut-off, and yet apparently made no attempt to depose her prior to the discovery deadline. Plaintiffs' excuse that they were unaware that the discovery deadline had passed is insufficient. Furthermore, plaintiffs have not set forth sufficient facts demonstrating that the deposition of Melinda Gail would lead to the discovery of relevant evidence in this case.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to reopen discovery to take the deposition of Melinda Gail.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |